**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **CHRISTOPHER VAUGHN,** § | |
| Plaintiff, § | |
| § | |
| v. § | EP-20-CV-00256-KC-ATB |
| § | |
| **OFFICER ORTIZ and SGT. ANAYA,** § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On October 9, 2020, Plaintiff Christopher Vaughn ("Vaughn"), proceeding *pro se*, filed an application to proceed *in forma pauperis* along with a financial affidavit and a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On October 15, 2020, this Court granted Vaughn's application, and his Complaint was thereafter filed. (ECF Nos. 2, 3). In the Order, the Court directed that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915." (ECF No. 2, p. 2). The Court has now screened Vaughn's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Vaughn's claim against Defendant Officer Ortiz ("Ortiz") be **SERVED**. The Court **FURTHER RECOMMENDS** that Vaughn's claims against Defendant Sgt. Anaya ("Anaya") should be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted.

## I.   BACKGROUND[1]

Vaughn is a pretrial detainee in El Paso County, Texas and is currently being held at the El Paso County Jail Annex ("EPCJA").  (ECF No. 3, p. 2).  In his Complaint, Vaughn alleges claims against two different Defendants based upon his time in custody.

### a.   Cruel and Unusual Punishment

First, Vaughn contends that he has been subjected to cruel and unusual punishment during his time in custody.  Vaughn alleges that on September 6, 2020, Officer Ortiz made verbal threats of physical and sexual violence towards Vaughn during Ortiz's "wing check."  (ECF No. 3, p. 3-4).  Subsequently, Ortiz entered Vaughn's pod and told him to "go to [his] cell and get naked" and repeated his sexual threats.  (*Id.* at p. 4).  While Vaughn was still outside his cell, Ortiz entered Vaughn's cell, grabbed Vaughn's bedsheet, and repeated his sexual threats.  (*Id.*).  When Vaughn backed away from his cell, Ortiz made threats of physical violence.  (*Id.*).  Vaughn then told Ortiz "I'm not trying to fight you but I will defend myself" before Ortiz "rushed [Vaughn] swinging." (*Id.*).  Vaughn "kept trying to push [Ortiz] away," but Ortiz "kept trying to hit [Vaughn] more." (*Id.*).  After Vaughn pushed Ortiz away, Ortiz "started again" to "swing on" Vaughn.  (*Id.* at p. 5). When other officers arrived, Vaughn told them he was trying to get Ortiz to stop attacking him and that he did not want to fight Ortiz.  (*Id.*).  The other officers grabbed Vaughn and restrained his arms.  (*Id.*).  "While [Vaughn] was having [his] arms held by several officers[, Ortiz] hit [Vaughn] in the face hard spliting [sic] [his] tooth and lips."  (*Id.*).  The officers holding Vaughn turned him away from Ortiz, which Vaughn believes was to shield him, and they asked Vaughn to lay down.  (*Id.*).  Vaughn complied, and the officers "placed cuffs and shackles" on Vaughn.  (*Id.*).

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

2

### b.     Due Process

Vaughn further alleges in his Complaint that his due process rights were violated. (*Id.* at p. 7). Vaughn alleges that Defendant Anaya refused to allow Vaughn "to see a deputy" after Vaughn "told Sgt. Anaya several times [that Officer Ortiz] attacked [him]." (*Id.* at p. 5). Further, Vaughn alleges that when he told Anaya he "was going to file a grievance," Anaya responded "not for a while you wont [sic] because Im [sic] taking your rotation [for the kiosk to file grievances]." (*Id.* at p. 6). When Vaughn asked why his rotation was being taken away, Anaya told Vaughn "he would think of something." (*Id.*).

## II.     LEGAL STANDARDS

Title 28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[2]

To determine whether an *in forma pauperis* complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam).

---

[2] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that 28 U.S.C. § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal")).

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory

allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.   ANALYSIS

### a.   Cruel and Unusual Punishment

Vaughn alleges that "Ortiz['s] actions [were] cruel and unusual punishment and premeditated threw [sic] threats, (deliberate indiffrence [sic]) and caused physical injury to [Vaughn] violating his Eight[h] Amendment [rights]." (ECF No. 3, p. 7). Based upon his Complaint, it appears to the Court that Vaughn is specifically asserting that Ortiz inflicted cruel and unusual punishment upon him through the use of excessive force.

To prove an excessive force claim, "a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must assess the reasonableness of the force used "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Kingsley*, 576 U.S. at 399–400. In determining the objective reasonableness of an officer's use of force, a court should consider the following: (1) "the relationship between the need for the use of force and the amount of force used;" (2) "the extent of the plaintiff's injury;" (3) "any effort made by the officer to temper or limit the amount of force;" (4) "the severity of the security problem at issue;" (5) "the threat reasonably perceived by the officer;" and (6) "whether the plaintiff was actively resisting." *Id.* at 397.

Vaughn alleges that when he did not comply with Officer Ortiz's sexual threats, Ortiz made physical threats and "rushed" at Vaughn "swinging." (ECF No. 3, p. 4). Further, Ortiz did not

make any effort to temper or limit the amount of force used, continuing to "swing" at Vaughn even though Vaughn raised his hands, stated he was "not trying to fight," and pushed Ortiz away. (*Id.* at p. 4-5). Even after other officers grabbed Vaughn and held his arms, Ortiz hit Vaughn in the face, splitting Vaughn's tooth and lips. (*Id.* at p. 5). Therefore, taking the facts that Vaughn alleges as true,[3] the Court recommends that Vaughn's cruel and unusual punishment claim as to Defendant Ortiz survive the low bar for screening pursuant to 28 U.S.C. § 1915.

### b. Due Process

Vaughn alleges that "Anayas [sic] actions refused [his] ability to speak with a deputy for the perpose [sic] to press charges and refused him his right to file [a] grievance was an attempt to cover up the incident, violating his due process." (ECF No. 3, p. 7). Vaughn alleges when he told Anaya that he "was going to file a grievance," Anaya responded, "not for a while . . . because Im [sic] taking your rotation [to use the kiosk to file grievances]." (*Id.* at p. 6). When Vaughn asked, "for what," Anaya "told [Vaughn] he would think of something." (*Id.*).

#### 1. *Right of Access to a Grievance Procedure*

"[T]he Constitution creates no entitlement to grievance procedures or *access* to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (emphasis added); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (quotation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

---

[3] *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Furthermore, the Constitution does not create a federally protected liberty interest for prisoners to have their grievances resolved to their satisfaction. *See Minix v. Stoker*, 289 F. App'x 15, 1 (5th Cir. 2008); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Any alleged due process violation arising from an "alleged failure to investigate [prisoner] grievances is indisputably meritless. *Geiger*, 404 F.3d at 374; *see also Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated [the prisoner's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim.").

In *Spencer v. Jackson*, the prisoner plaintiff alleged that the defendant "would not provide him with grievance forms or allow him to file a grievance." No. 1:17CV43, 2018 WL 4577408, at *1 (E.D. Tex. Aug. 21, 2018). The District Court for the Eastern District of Texas held that the allegations against the defendant "fail[ed] to state a claim upon which relief may be granted," since "inmates do not have a constitutionally protected right of access to a grievance procedure." *Id.* Similarly, here, Vaughn alleges that Anaya prevented him from filing a grievance against Officer Ortiz by "taking his rotation to use the [kiosk]," which is "the only way to file grievances." (ECF No. 3, p. 6). Like the defendant's failure to provide grievance forms to the plaintiff in *Spencer*, here Anaya's actions prevented Vaughn from using the grievance kiosk thereby resulting in the denial of access to the inmate grievance procedures. *Compare Spencer*, 2018 WL 4577408, at *1, *with* (ECF No. 3, p. 6). Nevertheless, since Vaugh does not have a constitutionally protected right

7

of access to a grievance procedure, the Court finds that Vaughn has failed to state a claim upon which relief may be granted as to his alleged right of access to the grievance procedure.

### 2. *Right of Access to the Courts*

Although prisoners do not a have a constitutionally protected right of access to a grievance procedure, "[p]risoners have a constitutional right of access to the courts that is adequate, effective, and meaningful." *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (internal quotes omitted); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). The right of access to the courts does not guarantee a "particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996)).

Vaughn does not allege, and the Court finds no evidence in the Complaint, that Anaya denied Vaughn his constitutional right of access to the courts. Only thirteen days after the incident with Officer Ortiz on September 6, 2020, Vaughn was able to complete and verify his Complaint on September 19, 2020. (ECF No. 3, p. 3, 9). Further, Vaughn's Complaint was filed with this Court twenty days later, on October 9, 2020. (*Id.* at p. 1). Accordingly, the Court finds that Vaughn had the capability to file a legally sufficient claim and that he was not denied his constitutional right of access to the court.

Given that Vaughn does not have a constitutionally protected right of access to a grievance procedure and that Vaughn was not denied his constitutional right of access to the courts, the Court finds that Vaughn's claims against Defendant Anaya fail to state a claim upon which relief may

be granted. Accordingly, the Court recommends that the claims against Defendant Anaya regarding the alleged denial of Vaughn's due process rights be dismissed.

### c.   Injunctive Relief

Vaughn's Complaint also seeks "[a] preliminary and permanent injunction ordering [D]efendants to stop there [sic] unconstitutional actions" towards Vaughn. (ECF No. 3, p. 8).

A party seeking a preliminary injunction must "show he meets four prerequisites: '(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest.'" *Muhammad v. Wiles*, No. EP-19-CV-367-KC, 2020 WL 1234946, at *2 (W.D. Tex. Mar. 13, 2020) (quoting *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012)). "Strict proof of each element is required before a temporary restraining order or preliminary injunction may issue." *Muhammad*, 2020 WL 123496 at *2 (citing *Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services, Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987)). Further, "[a] court will not grant relief unless the movant clearly carries the onerous burden of persuasion as to all of these elements." *Muhammad*, 2020 WL 123496 at *2 (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)).

"[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Federal courts "do not sit to supervise [] prisons." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). The Supreme Court has instructed all courts that prison administrators are to be given "wide-ranging deference in the

adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (noting that the federal courts "are not to micromanage state prisons.").

Assuming, *arguendo*, that Vaughn has demonstrated a substantial likelihood of success on the merits, the Court finds that Vaughn has failed to satisfy the "onerous burden of persuasion" as to the other three elements required before an injunction can be issued. *Muhammad*, 2020 WL 123496 at *2. First, Vaughn's Complaint is silent as to any substantial threat of irreparable harm or any potential harm if an injunction is not granted. *Id.* Second, Vaughn's Complaint is void of any explanation as to how his threatened injury outweighs any harm that an injunction might cause to the Defendants. Finally, Vaughn fails to show how the granting of the injunction will not disserve the public interest. *Id.*

Given that Vaughn has failed to satisfy his burden as to at least three of the elements required before an injunction can be issued, the Court finds that Vaughn has not made the requisite showing for the granting of a preliminary injunction. Accordingly, the Court recommends that Vaughn's request for injunctive relief should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that:

- Vaughn's claim against Officer Ortiz for cruel and unusual punishment be **SERVED**;
- Vaughn's claim against Officer Anaya regarding denial of due process be **DISMISSED WITHOUT PREJUDICE**; and

- Vaughn's request for a preliminary injunction (ECF No. 3, p. 7-8) be **DENIED**.

**SIGNED** and **ENTERED** this 12th day of November, 2020.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**