IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CHRISTOPHER VAUGHN,<br>    Plaintiff, | §<br>§<br>§ |
| v. | §   EP-20-CV-00256-KC-ATB<br>§ |
| OFFICER ORTIZ,<br>    Defendant. | §<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

On this day, the Court considered Defendant Officer Ortiz's Motion for Summary Judgment, filed by Defendant Officer Ortiz ("Ortiz") on December 14, 2021. (ECF No. 31). The matter was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges.

For reasons set forth below, the Court **RECOMMENDS** that Defendant Ortiz's Motion for Summary Judgment be **GRANTED**.

## I.   BACKGROUND

### a.   Procedural Background

Plaintiff Christopher Vaughn ("Vaughn"), proceeding *pro se* and *in forma pauperis*, filed his Complaint on October 9, 2020, alleging claims against two different Defendants based upon his time in custody at the El Paso County Jail Annex ("EPCJA") as a pretrial detainee. (ECF No. 3). After a Report and Recommendation from this Court (ECF No. 6), the District Court dismissed all of Vaughn's claims on February 8, 2021, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), except for Vaughn's excessive use of force claim against Ortiz in his individual and official capacities. (ECF No. 12, p. 4).

On February 25, 2021, Ortiz filed his "12(b)(6) Motion to Dismiss Defendant in His Official Capacity" seeking dismissal of Vaughn's claims against him in his official capacity. (ECF No. 18). After a Report and Recommendation from this Court (ECF No. 21), the District Court granted Ortiz's Motion to Dismiss and dismissed "Vaughn's claims against Ortiz in his official capacity." (ECF No. 24, p. 3).

On December 14, 2021, Ortiz filed the instant Motion seeking summary judgment against Vaughn. (ECF No. 31). To date, Ortiz's Motion remains unopposed as Vaughn has not filed a response.

    **b.**    **Factual Background**[1]

Vaughn is a pretrial detainee in El Paso County, Texas, and is currently being held at the EPCJA. (ECF No. 3, p. 2).

In his Complaint, Vaughn contends that he has been subjected to cruel and unusual punishment during his time in custody. (ECF No. 3). Vaughn alleges that on September 6, 2020, Officer Ortiz made verbal threats of physical and sexual violence towards Vaughn during Ortiz's "wing check." (*Id.* at p. 3-4). Subsequently, Vaughn states that Ortiz entered Vaughn's pod and told him to "go to [his] cell and get naked" and repeated his sexual threats. (*Id.* at p. 4). While Vaughn was still outside his cell, Vaughn alleges that Ortiz entered Vaughn's cell, grabbed Vaughn's bedsheet, and repeated his sexual threats. (*Id.*). Vaughn then alleges that when he backed away from his cell, Ortiz made threats of physical violence. (*Id.*). Vaughn then alleges he told Ortiz "I'm not trying to fight you but I will defend myself" before Ortiz "rushed [Vaughn] swinging." (*Id.*). Vaughn "kept trying to push [Ortiz] away," but Ortiz "kept trying to hit [Vaughn] more." (*Id.*). After Vaughn pushed Ortiz away, Vaughn alleges that Ortiz "started

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

again" to "swing on" Vaughn. (*Id.* at p. 5). When other officers arrived, Vaughn asserts that he told the officers he was trying to get Ortiz to stop attacking him and that he did not want to fight Ortiz. (*Id.*). The other officers grabbed Vaughn and restrained his arms. (*Id.*). "While [Vaughn] was having [his] arms held by several officers[, Ortiz] hit [Vaughn] in the face hard splitting [sic] [his] tooth and lips." (*Id.*). The officers holding Vaughn then turned him away from Ortiz, which Vaughn believes was to shield him, and they asked Vaughn to lay down. (*Id.*). Vaughn alleges that he complied, and the officers "placed cuffs and shackles" on Vaughn. (*Id.*).

## II. LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citations omitted). A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). The Court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations. *Id.*

## III.   ANALYSIS[2]

### a.   Ortiz is Entitled to Summary Judgment Since the Undisputed Evidence Negates Vaughn's Claims of Excessive Force

In his Complaint, Vaughn alleges that he was "assaulted by [Ortiz] who was making threats of sexual and physical assault beforehand." (ECF No. 3, p. 3). However, Ortiz argues that "[s]ummary judgment is proper because all of the evidence negates . . . Vaughn's claims." (ECF No. 31, p. 6). Specifically, Ortiz argues that "the evidence and neglected requests for admissions[3] corroborate that the allegations are disingenuous." (*Id.* at p. 4).

---

[2] In Vaughn's Complaint, Vaughn states that he "read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct." (ECF No. 3, p. 9). This attestation is sufficient to qualify Vaughn's complaint as a "verified complaint." *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (finding the plaintiff had a "verified complaint" when the plaintiff attached a signed declaration under penalty of perjury that "the foregoing is true and correct.").

"On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit." *Id.* at 765. However, a "sworn amended complaint may serve as competent summary judgment evidence [only] 'to the extent that it comports with the requirements of Fed. R. Civ. Pr. 56(e).'" *Traylor v. Spivey*, No. 3:19-CV-0576-S-BH, 2020 WL 1498174, at *5 (N.D. Tex. Feb. 17, 2020) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Federal Rule of Civil Procedure 56(e) states, in relevant part, that "[i]f a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011) (quoting *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)); *see also* Fed. R. Civ. P. 56(c)(3) ("The Court need consider only the cited materials, but it may consider other materials in the record."). On the contrary, a "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Williams*, 432 F. App'x at 302 (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)); *see also Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (noting as incorrect the proposition "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"). Therefore, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Williams*, 432 F. App'x at 303 (alteration in original) (quoting *Smith ex. Rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)). Furthermore, "the requirement that the party with the burden of proof set forth specific facts supporting his claim in response to a motion for summary judgment is not abandoned in *pro se* cases." *Castillo v. Bowles*, 687 F. Supp. 277, 280 (N.D. Tex. 1988).

Here, Vaughn has not responded to Ortiz's Motion for Summary Judgment, nor has Vaughn sent any correspondence to the Court since Ortiz filed his Motion for Summary Judgment. The Court finds that Vaughn has failed to refer to any evidence, including his verified Complaint, in opposition to Ortiz's Motion for Summary Judgment. Therefore, the Court finds that the facts as set forth in Ortiz's Complaint are not before the Court at this time and thus do not create any disputes of material facts.

[3] Federal Rule of Civil Procedure 36(a)(3) states, in relevant part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or

Pretrial detainees have a constitutional right under the Fourteen Amendment's Due Process Clause to be free from the use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015). To prove an excessive force claim, "a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable." *Id.* at 396-97. "[O]bjective reasonableness turns on the 'facts and circumstances in each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must assess the reasonableness of the force used "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Id.* at 399-400. In determining the objective reasonableness of an officer's use of force, a court should consider the following factors: (1) "the relationship between the need for the use of force and the amount of force used;" (2) "the extent of the plaintiff's injury;" (3) "any effort made by the officer to temper or limit the amount of force;" (4) "the severity of the security problem at issue;" (5) "the threat reasonably perceived by the officer;" and (6) "whether the plaintiff was actively resisting." *Id.* at 397 (*Kingsley* factors).

Vaughn alleges in his Complaint that Officer Ortiz made verbal threats of physical and sexual violence towards Vaughn before Ortiz "rushed [Vaughn] swinging." (ECF No. 3, p. 3-4). Vaughn further asserts that Ortiz repeatedly attempted to "swing on" Vaughn while Vaughn "kept trying to push [Ortiz] away." (*Id.* at p. 4-5). Finally, Vaughn alleges that "[w]hile [Vaughn] was having [his] arms held by several officers[, Ortiz] hit [Vaughn] in the face hard splitting [sic] [his] tooth and lips." (*Id.* at p. 5).

---

objection addressed to the matter and signed by the party or its attorney." Ortiz served Vaughn with "Defendant Ortiz's First Request for Admissions to Plaintiff" via United States mail on October 22, 2021. (ECF No. 31-3, p. 2-3, 5-7). To date, "Vaughn has neither timely responded nor objected." (ECF No. 31, p. 4 n.3). Therefore, the Court finds that Vaughn has admitted to the nine admission requests in "Defendant Ortiz's First Request for Admissions to Plaintiff." *See* (ECF No. 31-3, p. 4).

However, the Court finds no evidence before it to support Vaughn's allegations. In the uncontroverted "Sworn Affidavit of Eric Ortiz" ("Ortiz's Affidavit"),[4] Ortiz states that he "never attacked . . . Vaughn." (ECF No. 31-2, p. 3). Further, Vaughn "disobeyed [Ortiz's] commands" to "go back to his cell . . . and instead ran up some stairs." (*Id.*). Ortiz "asked . . . Vaughn to put his hands behind his back[, but a]s [Ortiz] reached for . . . Vaughn's hand, [Vaughn] punched [Ortiz] on the face," and Ortiz "lost consciousness." (*Id.*); *see also* (ECF No. 31-3, p. 4) (unanswered admission request 2 and 3 stating: "you punched [Ortiz] on the nose after he asked you to put your hands behind your back" and "[t]hereafter, you continued to repeatedly strike [Ortiz] in the face, until you rendered him unconscious"). "When [Ortiz] came to, [Ortiz] observed [Vaugh] trying to throw Officer Ivan Garcia off the ledge." (ECF No. 31-2, p. 3). Thereafter, Ortiz "assisted Officer Garcia and cuffed [Vaughn]." (*Id.*)

As a result of Vaughn punching him, Ortiz "sought medical assistance." (ECF No. 31-2, p. 3); *see also* (*Id.* at p. 5) (Sun City Emergency Room evaluation of Ortiz showing "[m]inor closed head injury" and "[m]ultiple contusions to the forehead, lower lip and left shoulder"). Finally, the two nurses that examined Vaughn found that Vaughn did not suffer any injuries. *See* (ECF No. 31-8, p. 3); (ECF No. 31-9, p 3); *see also* (ECF No. 31-3, p. 4) (unanswered admission request 7 stating: "[Vaughn] did not present any injuries consistent with [his] claim").

Balancing the factors provided in *Kingsley*, the Court finds that Ortiz's conduct was objectively reasonable given the circumstances. First, Vaughn was actively resisting after Ortiz made efforts to resolve the situation without force. *See* (ECF No. 31-2, p. 3) ("[Ortiz] told

---

[4] While a court will resolve factual disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Absent any proof, courts should not "assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Here, Vaughn has not responded to Ortiz's Motion for Summary Judgment nor objected to Ortiz's Affidavit. Therefore, the Court finds the facts contained in Ortiz's Affidavit to be uncontroverted and accordingly, accepts them as true.

6

[Vaughn] to go back to his cell and that his food would come out shortly . . . Vaughn disobeyed [Ortiz's] commands and instead ran up some stairs."); (ECF No. 31-3, p. 4) (unanswered admission request 2 stating: "you punched [Ortiz] on the nose after he asked you to put your hands behind your back"). Further, Ortiz reasonably perceived a threat from Vaughn, because Vaughn punched Ortiz into unconsciousness. *See* (ECF No. 31-2, p. 3) ("As [Ortiz] reached for [Vaughn's] hand, he punched [Ortiz] on the face and [Ortiz] lost consciousness."); (ECF No. 31-3, p. 4) (unanswered admission request 2 and 3 stating: "you punched [Ortiz] on the nose after he asked you to put your hands behind your back" and "[t]hereafter, you continued to repeatedly strike [Ortiz] in the face, until you rendered him unconscious"). Moreover, there was a severe threat to security, since Ortiz "observed [Vaughn] trying to throw Officer Ivan Garcia off the ledge." (ECF No. 31-2, p. 3). Finally, the amount of force used to handcuff Vaughn, from which Vaughn suffered no discernable injury, was minimal given the circumstances. *See* (ECF No. 31-8, p. 3) ("Sworn Affidavit of Aaron Montes" stating Nurse Montes did not observe any injuries during his examination of Vaughn); (ECF No. 31-9, p. 3) ("Sworn Affidavit of Christopher Hendricks" stating Nurse Hendricks did not observe any injuries during his examination of Vaughn); *see also* (ECF No. 31-3, p. 4) (unanswered admission request 7 stating: "[Vaughn] did not present any injuries consistent with [his] claim").

In sum, the Court finds that the *Kingsley* factors support the finding that Ortiz's conduct was objectively reasonable given the circumstances. Accordingly, the Court recommends that Ortiz's Motion for Summary Judgment be granted, because the undisputed evidence negates Vaughn's claims of excessive force.

### b.      Vaughn Did Not Suffer Any Injuries

In his Complaint, Vaughn alleges that "[w]hile [Vaughn] was having [his] arms held by several officers[, Ortiz] hit [Vaughn] in the face hard splitting [sic] [his] tooth and lips." (ECF No. 3, p.5).

"Since *Kingsley* clarified the standards for excessive force claims brought by pretrial detainees under the Fourteenth Amendment, the Court of Appeals for the Fifth Circuit has not held that an officer may be liable for use of force that results in a *de minimis* injury." *Leeper v. Travis Cnty., Tex.*, 1:16-CV-819-RP, 2018 WL 5892477, at *7 (W.D. Tex. Nov. 9, 2018). Further, other circuits have held post-*Kingsley* that uses of force resulting in no injuries are not unreasonable. *See, e.g.*, *Smith v. Turner*, 834 F. App'x 261, 263 (7th Cir. 2021) (holding that the plaintiff's "medical records reflect[ed] no diagnosed physical injury to support an inference of excessive force"); *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 531 (6th Cir. 2018) (holding that shoving the plaintiff into a wall, resulting in no injury, was not objectively unreasonable); *see also Jackson v. Buckman*, 756 F.3d 1060, 1067-68 (8th Cir. 2014) (pre-*Kingsley* case holding that "a *de minimis* quantum of force is not actionable under the Due Process Clause"). Likewise, several district courts within the Fifth Circuit have held post-*Kingsley* that uses of force are not unreasonable when a plaintiff suffers no injuries, unless the use of force was malicious or sadistic. *See, e.g.*, *Abdullah v. Tex.*, A-18-CA-1076-LY, 2019 WL 981942, at *5 (W.D. Tex. Feb. 27, 2019) ("A de minimis injury is sufficient to sustain a claim of excessive force only if it is the product of the malicious and sadistic use of force . . . . Plaintiff alleges no injury with respect to the use of pepper spray. Accordingly, Plaintiff has failed to allege a violation of his constitutional rights." (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010))); *Andrew v. St. Tammany Parish Prison*, CA NO. 15-2105, 2016 WL 447680, at *10-11 (E.D. La. Jan. 15, 2016) (finding no excessive use of

force when "[t]he deputy's conduct was very brief and caused plaintiff no physical injuries"); *Vaughn v. Acosta*, EP-20-CV-00246-KC-ATB, 2021 WL 232135, at *7 (W.D. Tex. Jan. 22, 2021) ("[Plaintiff's] Complaint fails to plead sufficient facts for the Court to infer either that [defendant] had punitive intent or that he used more than a *de minimis* level of force.  Accordingly, the Court finds that [plaintiff] has failed to plead that [defendant's] actions were an objectively unreasonable use of force that amounted to punishment of a pretrial detainee."), *report and recommendation adopted*, EP-20-CV-00246-KC, at *6 (W.D. Tex. Feb. 9, 2021) ("[Plaintiff's] allegation concerning the application of a *de minimis* quantum of force is simply not a constitutional tort actionable in federal court.").

Here, Vaughn was taken to be examined by the Registered Nurse Clinic Supervisor Montes and Hendricks.  (ECF No. 31, p. 9).  In the uncontroverted "Sworn Affidavit of Aaron Montes" ("Montes's Affidavit"),[5] Montes stated that he "reviewed [his] clinic notes and confirmed with certainty that on September 6, 2020: . . . Vaughn presented no injuries evident of being punched in the face; [and] Vaughn presented no swelling or bruising consistent with an assault."  (ECF No. 31-8, p. 3).   Further, in the uncontroverted "Sworn Affidavit of Christopher Hendricks" ("Hendricks's Affidavit"),[6] Hendricks stated that he "compared [his] clinic notes to Vaughn's injury claims and confirmed with certainty that on September 6, 2020: . . . Vaughn did not present

---

[5] While a court will resolve factual disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  Absent any proof, courts should not "assume that the nonmoving party could or would prove the necessary facts."  *Id.* (citing *Lujan*, 497 U.S. at 888).  Here, Vaughn has not responded to Ortiz's Motion for Summary Judgment nor objected to Montes's Affidavit.  Therefore, the Court finds the facts contained in Montes's Affidavit to be uncontroverted and accordingly, accepts them as true.

[6] While a court will resolve factual disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  Absent any proof, courts should not "assume that the nonmoving party could or would prove the necessary facts."  *Id.* (citing *Lujan*, 497 U.S. at 888).  Here, Vaughn has not responded to Ortiz's Motion for Summary Judgment nor objected to Hendricks's Affidavit.  Therefore, the Court finds the facts contained in Hendricks's Affidavit to be uncontroverted and accordingly, accepts them as true.

with any visible injuries, lacerations, or skin discoloration; [and] Vaughn did not have any noticeable swelling or bruising to his face." (ECF No. 31-9, p 3).

In sum, the Court finds that Vaughn suffered no injury. Further, the Court finds that Vaughn has not referred to any evidence in the record before the Court that Ortiz's use of force was malicious or sadistic. Therefore, the Court finds that Vaughn has failed to show any evidence that any use of force by Ortiz was objectively unreasonable. Accordingly, the Court recommends granting Ortiz's Motion for Summary Judgment because the uncontroverted evidence shows Vaughn suffered no physical injuries as a result of Ortiz's conduct, and Ortiz's conduct was not malicious or sadistic.

      **c.     Ortiz is Entitled to Qualified Immunity**

Ortiz also argues that he is "shielded through qualified immunity because his actions would have been, at all times, reasonable." (ECF No. 31, p. 7).

Qualified immunity protects "state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 200 (5th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 200-01 (internal citation omitted) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "[L]ower courts have discretion to decide which of the two prongs of [the qualified immunity] analysis to tackle first." *Id.* at 201 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

Further, courts may "resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

Here, Vaughn alleges that he was "assaulted by [Ortiz] who was making threats of sexual and physical assault beforehand." (ECF No. 3, p. 3). However, as discussed above, the Court has failed to find how the evidentiary record shows that Ortiz has violated any of Vaughn's constitutional rights. Therefore, the Court finds that Vaughn has not met his burden to overcome Ortiz's qualified immunity defense. *See Rhodes v. Prince*, 360 App'x 555, 558 (5th Cir. 2010) ("If we determine that no constitutional violation occurred, our [qualified immunity] inquiry ends."). Accordingly, the Court recommends Ortiz's Motion for Summary Judgment be granted based on qualified immunity.

### d.    Vaughn Failed to Respond to Ortiz's Motion for Summary Judgment

The Court notes that Vaughn did not file a response to Ortiz's Motion for Summary Judgment. Pursuant to Local Rule 7(e)(2), "[i]f there is no response [to a motion] filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). Ortiz filed his Motion for Summary Judgment on December 14, 2021, and Vaughn's response was due on or before December 28, 2021. (ECF No. 31); *see* W.D. Tex. Civ. R. 7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Accordingly, the Court finds that Vaughn has failed to file a timely response to Ortiz's Motion for Summary Judgment, and therefore, the Court recommends that Ortiz's Motion for Summary Judgment be granted as unopposed.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the undisputed evidence negates Vaughn's claims that Ortiz used excessive force and shows that Vaughn suffered no injury. Further, the

11

Court finds that Ortiz is entitled to the defense of qualified immunity. Finally, the Court finds that Vaughn has not responded to Ortiz's Motion for Summary Judgment and as such the Motion should be granted as unopposed.

Accordingly, the Court **RECOMMENDS** that Defendant Ortiz's Motion for Summary Judgment be **GRANTED**.

**SIGNED** and **ENTERED** this 20th day of January, 2022.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**